### NICHOLSON v SCHICK et

Ohio Appeals, 3rd Dist, Mercer Co

No 440. Decided June 5, 1933

F. V. Short, Celina, Cole, Bowman & Hodge, Springfield, for plaintiff.

J. B. Johnson, Celina, and Ed. L. Bryson, Celina, for defendants.

## OPINION

By GUERNSEY, J.

Under the law of this state the mechanics' liens of the parties have attached only to such interest as Zelora Schick had in the property by virtue of her purchase of the same under the contract above mentioned, unless the appellant Nicholson has in some way by his conduct estopped himself from limiting the claims of the various lien claimants to such interest of said Zelora Schick.

The only evidence in the case which the lien claimants claim tends to show estoppel, is that Nicholson was aware that the improvements were being made, and said or did nothing to advise the various lien claimants of the extent of the title of said Zelora Schick or to prevent the lien claimants from furnishing the materials for the making of said improvements.

In our opinion the failure of Nicholson to act under the circumstances mentioned, did not constitute an estoppel as he owed no duty to any of the appellees to act. His title to the property was a matter of public record, so that the lien holders had full opportunity to advise themselves of the same before furnishing or completing the furnishing of such materials, and in furnishing such materials acted at their own peril.

This leaves the sole question in the case as to the extent of the interest of Zelora Schick under the land contract, to which the liens attached.

The case of **The Mutual Aid Building and Loan Company v Gashe, 56 Oh St 273,** involves facts and circumstances similar to the case at bar. In the opinion in that case, it is said:

"In the nature of things the lien of the material men must be limited to the interest of the person who is erecting the structure or making the improvement."

Further in the opinion, the court says:
"In the case before us, The Ohio Lumber and Manufacturing Company was in possession of the seven lots upon which its manufactory was erected, under a contract of sale. The entire price it was to pay was $3500; of this amount it had paid $700, leaving unpaid $2800; as against the vendor its only interest was the difference between the unpaid balance of the purchase price, $2800 and the value of the property. If that value was $3500, its interest would be $700; if the property was of greater value than the purchase price, its interest exceeded $700, the amount it had paid down; if the property was of less value than the purchase price its interest was less than $700. This is apparent because the vendor was entitled to the balance due him, even, if upon a sale of the property, the entire proceeds should be required for that purpose, while on the other hand, however much a sale of the property might produce he could demand no more than this balance. The interest of The Ohio Lumber and Manufacturing Company in the seven lots, at the inception of the liens of the material men being this difference between the actual value of the lots and the balance due the vendor, their liens as against said vendor and those who should succeed to his rights attached to the real estate to the extent, only of that interest. The legal title to these lots was in the vendor. Material men, who furnished material under a contract with the vendee to aid in the erection of a manufactory, in process of construction by said vendee cannot postpone the claim of the vendor until their liens are satisfied. By the unbroken current of authority, where no adequate estoppel is established, the right of such vendor is paramount to the lien of a materialman or builder.

"The right of such vendor to priority does not rest upon the doctrine that pertains to vendors' liens. Vendors' liens arise when the title to land has been conveyed

and is the creature of equity.

"The right of one who enters into a contract to convey land, but retains the legal title, and is not bound to convey it to the purchaser, unless full payment has been made stands upon a different and more substantial foundation than one who has conveyed his land away. Whatever the rights of the latter may be, and howsoever easily lost, the former has reserved to himself the title and can be divested of it only by a full compliance with the terms of the contract."

To the same effect is the case of Golner v Bede et, 11 Oh Ap, 137. See also, Mahoning Park Co. v Warren Home Development Co., 109 Oh St 358.

The lien claimants in this case are entitled to be subrogated to whatever rights Zelora Schick had in the property by virtue of her contract of purchase. The rights that Zelora Schick had, or has, are, to secure the title only upon full compliance with the terms of the contract, which would include the payment of the balance owing on the purchase price and the payment of the taxes which she was required to pay under the terms of the contract and which were paid by the appellant Nicholson.

As the evidence shows that the value of the property at the time of the trial is much less than the balance owing on the purchase price and for taxes, it would appear that this right of subrogation of the lien claimants is worthless. However, it is only equitable that they be permitted to foreclose their liens and test the value of that right by actual sale of the property in this proceeding, under order that out of the proceeds of said sale of said property, there be paid: First, The costs of suit and the current taxes; Second, the taxes, with interest thereon, paid by Nicholson; Third, the full balance of the purchase price owing to Nicholson under the contract of purchase; Fourth, the balance, if any, of the proceeds to be applied pro rata toward the payment of the amounts owing the various lien claimants.

It was contended on the trial of the case, that because of the failure of Nicholson to cause said property to be guarded against destruction and theft from the time he took possession thereof, which is claimed to have resulted in the depreciation of the value of said property, that the lien claimants were entitled to some equitable right against Nicholson to make up for such depreciation.

We are of the opinion that there is no basis in equity for this contention, as the lien claimants had a right at any time they cared to do so, to bring actions for the foreclosure of the various liens and have a custodian appointed to take care of the property pending the result of the litigation and prevent such wastage.

Judgment will be entered as hereinbefore provided.

CROW, PJ, concurs.

KLINGER, J:

I agree with the findings as to the law and the equities and priorities of the parties. However, since all the testimony in this case shows that the property now would not sell for near enough to pay the balance of the purchase price due and owing the plaintiff, no useful end or purpose could be served in making the expense incident to a public sale, and so forth, of the property. And for this reason I believe that the relief asked by the plaintiff to quiet his title, should be granted as prayed for. However, if any of the defendants are willing to secure the costs necessarily incurred in the advertisement and public sale of these premises, I would be in favor of carrying out the order as made by the majority of the court, otherwise it should be denied, and plaintiff's title quieted as prayed for. I believe, under equity, that this is due the holder of the vendor's lien.